IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORDIRO BROWN,** *et al.*, | : | CIVIL ACTION |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | NO.   24-2862 |
| | : | |
| **LAKEYSHA COOPER,** *et al.*, | : | |
|     **Defendants.** | : | |

### MEMORANDUM-ORDER

Cordiro Brown, a convicted prisoner currently incarcerated at SCI Houtzdale who is proceeding *pro se*, filed a Complaint (DI 1 ("Compl.")) pursuant to 42 U.S.C. § 1983 asserting claims on behalf of Tanya Martin, Celestine Martin, and minors C.M. and C.B.M. for violations of their constitutional rights.[1]  Named as Defendants are Lakeysha Cooper, Marco Ortiz, and Edward Jones, all Philadelphia parole agents, who allegedly violated the plaintiffs' First, Fifth, and Fourteenth Amendment rights when they failed to protect them from abuse and harassment by an unnamed parolee.  (*See* Compl.).  For the following reasons, the claims will be stricken.  Mr. Brown will be permitted to file an amended complaint asserting claims on his own behalf.

Mr. Brown does not allege that he is an attorney and, therefore, he may not represent the plaintiffs in this case.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect

---

[1] Mr. Brown included the minors' full names in his Complaint.  (*See* DI 1.)  Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only.  The Clerk of Court will be directed to designate the Complaint as Court and case participants view only and amend the docket to reflect these minors by their initials only.  Mr. Brown is directed to refrain from including the minors' names in future filings.

for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted)); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate *pro se* on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("[W]e hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

Additionally, Mr. Brown states in the Complaint that he is bringing this case on behalf of his minor child C.B.M. (Compl. at 4). However, Mr. Brown lacks standing to bring claims on behalf of his minor child. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). The Third Circuit and other district courts have found specifically that parents lack standing to bring claims for their minor children. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam.*

*Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").

For these reasons, Mr. Brown may not pursue claims on behalf of the other plaintiffs and the claims he asserts on their behalf must be stricken. Mr. Brown may file an amended complaint to assert claims on his own behalf. However, to do so, he must pay the applicable filing fee or request leave to proceed *in forma pauperis*, as described below. Accordingly,

**AND NOW**, this 12th day of July 2024, it is **ORDERED**:

1. All claims asserted on behalf of Tanya Martin, Celestine Martin, and minors C.M. and C.B.M. are **STRICKEN**.

2. The Clerk of Court is **DIRECTED** to **AMEND** the docket by replacing the minor children's full names with initials only. The Clerk of Court is further **DIRECTED** to designate the Complaint (DI 1) as Court and participant view only.

3. The Clerk of Court is **DIRECTED** to **TERMINATE** Tanya Martin, Celestine Martin, and minors C.M. and C.B.M. as Plaintiffs.

4. If Mr. Brown seeks to proceed with this action he must, within thirty (30) days of the date of this Order, either (1) pay $405 (comprising the $350 filing fee and $55 administrative fee) to the Clerk of Court, or (2) file a motion to proceed *in forma pauperis* with a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from December 28, 2024 through June 28, 2024, reflecting account activity from that time period.

5. If Mr. Brown is ultimately granted leave to proceed *in forma pauperis*, he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if his case is dismissed.  He will not be entitled to the return of any payments made toward the fee.

6. The Clerk of Court shall furnish Mr. Brown with a blank copy of this Court's current standard prisoner *in forma pauperis* form bearing the above civil action number. Mr. Brown may use this form to seek leave to proceed *in forma pauperis* if he cannot afford to pay the fees to commence this case.

7. Mr. Brown may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Brown's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Mr. Brown should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained above.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Mr. Brown a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Mr. Brown may use this form to file his amended complaint if he chooses to do so.

9.  If, after review of this Order, Mr. Brown should decide not to further pursue this action, Mr. Brown may file a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a).[2]

10. If Mr. Brown fails to comply with this Order his case may be dismissed without further notice for failure to prosecute.

MURPHY, J.

---

[2] Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides in pertinent part that "the plaintiff may dismiss an action without a court order by filing: . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"